(5 Misc. Rep. 459.)

### PEOPLE ex rel. SALISBURY v. HOLCOMB.

(Supreme Court, Special Term, Columbia County. November, 1893.)

OFFICE AND OFFICER—EVIDENCE OF TITLE.

In a proceeding to compel the delivery to relator of the papers of the office of town clerk, it appeared that respondent was the incumbent of the office and performed the duties of clerk at a meeting at which he and relator were rival candidates. The canvassers announced a tie vote, and this result was entered on the minutes of the proceedings. Afterwards the town board appointed relator as town clerk, and he took and filed the oath of office. *Held*, that relator had a prima facie title to the office, and the motion should be granted.

Motion by relator to compel respondent to deliver to him all the papers of the office of town clerk.

F. H. Osborn, for relator.

James B. Olney, for respondent.

EDWARDS, J. It is set forth in the petition that at the town meeting held in Prattsville on the 7th of March last the relator and the respondent were rival candidates for the office of town clerk. Holcomb was then the incumbent of the office, and performed the duties of clerk at such meeting. At the close of the polls the canvassers proceeded to canvass the votes cast. The result of the canvass was publicly announced, whereby it appeared that the relator and the respondent each received 106 votes. Such result was thereupon entered at length in the minutes of the proceedings kept by the respondent, and subscribed by him and the officers presiding, and within two days thereafter such minutes and poll list were filed in the town clerk's office. On March 11th a majority of the town board, in the form prescribed by statute, made a written appointment of the relator as town clerk, and on the same day the appointment was duly filed, and the appointee duly took and filed the constitutional oath of office. In brief, the petition alleges

in detail a compliance with all the forms of the statute requisite to a valid appointment. These allegations are not denied by the answer, but the respondent claims that, notwithstanding the official record shows that the vote cast for him and his opponent was a tie, whereby there was no election, yet the canvassers erred in making the count, and he had in fact two more votes than the relator. In other words, he contends that he had in fact a majority of the votes cast, and the record does not speak the true result. For this reason he refuses to deliver the books, records, and papers to the relator as his successor. In my opinion, the relator is entitled to the benefit of the statute which he has invoked to compel a delivery to him of the papers of the office. Salisbury has a prima facie title to the office, while Holcomb simply claims a right to the office. The former has a clear, prima facie title, while the latter claims only a right to the title. The only question that can be determined in this proceeding under the statute is whether the relator has a clear, prima facie title. If, so, the statute applies, and he is entitled to the remedy, while the claim of right can be determined by a quo warranto only. A prima facie title is sufficient to entitle the relator to the records of the office until the respondent, in an action of quo warranto brought by him, establishes his right to the office by proof that he received a majority of the votes cast. The true rule in these proceedings under the statute is that one having a prima facie title, evidenced by an election or appointment valid on its face, must prevail over one claiming the right to the title. Ex parte Baker, 11 How. Pr. 418; People v. Allen, 42 Barb. 203; People v. Allen, 51 How. Pr. 97. I am aware that the Davis Case, 19 How. Pr. 323, seems to hold otherwise, but the learned justice overlooked the Baker Case, 11 How. Pr. 418, where the authorities are reviewed and considered; and in the later case of People v. Allen, 42 Barb. 203, the general term cite approvingly the opinion in the Baker Case. Furthermore, I think that the doctrine of the Davis Case would practically nullify the statute which was designed to afford a summary remedy to one having clear prima facie title. It may be that Holcomb had a majority of the votes cast for town clerk. I cannot pass upon that question in this proceeding. If he had such a majority, he has his remedy, and can obtain the office as against the apparent title of the relator; but until he avails himself of his remedy, and establishes his right, the relator is entitled to the papers of the office, and should have the relief sought in this proceeding. Motion granted.